# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID BRUCE McDERMOTT, II,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | No. CIV 23-118-RAW |
| ) | |
| **SHANNON SMITH, Sheriff,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner is a pro se pretrial detainee who is incarcerated at the Seminole County Jail in Wewoka, Oklahoma, pursuant to charges in Seminole County District Court Case No. CM-22-150. He filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief for alleged constitutional violations and raising four grounds for relief:

> **Ground One:** No access to legal research materials or criminal lawyer to actively communicate with.
>
> **Ground Two:** No access to sunlight.
>
> **Ground Three:** No access to outdoor exercise.
>
> **Ground Four:** No access to fresh air.

(Dkt. 1 at 6-7). He requests relief in the form of a stay of the state proceedings and release from incarceration. *Id.* at 7.

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner's petition is a combination of a habeas corpus claim under 28 U.S.C. § 2241 and civil rights claims under 42 U.S.C. § 1983. Regarding his claim about access to a criminal lawyer, the docket sheet for Case No. CM-22-150 indicates that on March 28, 2023,

the Pyron Law Firm was appointed to represent him. *See* Oklahoma State Courts Network at https://www.oscn.net. Therefore, his claim concerning appointment of counsel is moot. To the extent he is dissatisfied with his counsel, he must exhaust his state court remedies for this issue before bringing it to federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). There is no indication in the record that Petitioner filed any motions concerning his attorney. Therefore, this claim must be DISMISSED WITHOUT PREJUDICE.

Petitioner's claims for access to legal materials, sunlight, outdoor exercise, and fresh air are challenges to the conditions of his confinement that must be raised in a civil rights complaint, not in a habeas corpus petition. Therefore, these claims also are DISMISSED WITHOUT PREJUDICE with leave to raise them in a proper civil rights complaint pursuant to 42 U.S.C. § 1983. The Court Clerk is directed to send Petitioner this Court's form for filing a § 1983 civil rights complaint, along with the form for a motion for leave to proceed *in forma pauperis*.

**ACCORDINGLY,**

1. Petitioner's habeas corpus claim concerning his counsel is DISMISSED WITHOUT PREJUDICE.

2. Petitioner's claims concerning the conditions of his confinement (access to legal materials, sunlight, outdoor exercise, and fresh air) are DISMISSED WITHOUT PREJUDICE with leave to raise the claims in a proper civil rights complaint pursuant to 42 U.S.C. § 1983.

3. The Court Clerk is directed to send Petitioner a copy of the form for filing a civil rights complaint in this Court, along with the form for filing a motion for leave to proceed *in forma pauperis*.

4. This action is DISMISSED WITHOUT PREJUDICE in its entirety.

**IT IS SO ORDERED** this 17th day of April 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA